**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4716**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

CHARLES SHORON GROSS,

                Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Peter J. Messitte, Senior District Judge.  (8:05-cr-00441-PJM-1)

Submitted:  January 13, 2009          Decided:  January 15, 2009

Before WILLIAMS, Chief Judge,  and TRAXLER and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John M. McKenna, BRENNAN, SULLIVAN & MCKENNA, LLP, Greenbelt, Maryland, for Appellant.   Chan Park, Assistant United States Attorney Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Shoron Gross pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2006). The district court sentenced him to 188 months of imprisonment, and Gross timely appealed.

On appeal, counsel filed an Anders[1] brief, in which he states there are no meritorious issues for appeal, but questions whether the sentence was reasonable. Gross was advised of his right to file a pro se supplemental brief, but has not filed a brief. The Government declined to file a brief. We affirm.

We review a sentence imposed by the district court for procedural and substantive reasonableness under an abuse-of-discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007). The court considers the totality of the circumstances in assessing the substantive reasonableness of a sentence. Id. This court presumes that a sentence imposed within the properly calculated Guidelines range is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-Guidelines sentence). In considering

---

[1] Anders v. California, 386 U.S. 738 (1967).

the district court's application of the Guidelines, this court reviews factual findings for clear error and legal conclusions de novo. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006).

The district court correctly calculated Gross' Guidelines[2] range. The court then granted the Government's motion for a departure, and further varied downward. The 188-month sentence is thirty-two months below the Guidelines range after the court granted the Government's departure motion, and is within the applicable statutory maximum. Our review of the record leads us to conclude that Gross' sentence is reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Gross' conviction and sentence. This court requires that counsel inform Gross, in writing, of the right to petition the Supreme Court of the United States for further review. If Gross requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gross.

---

[2] U.S. Sentencing Guidelines Manual (2007).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED